**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SYDON A. JOHNS,**

                **Plaintiff,**

        v.                                          **9:09-CV-1016**

**GOORD, Commissioner of DOCS; BRIAN FISCHER,**
**Commissioner of DOCS; LESTER WRIGHT, Deputy**
**Commissioner of DOCS; RIVERA, Superintendent,**
**Coxsackie Correctional Facility; LAPE, Superintendent,**
**Coxsackie Correctional Facility; MONTUSCELLO, Deputy**
**Superintendent, Coxsackie Correctional Facility; JOAN**
**SMITH, Deputy Superintendent, Coxsackie**
**Correctional Facility; R.N. JANE DOE; DR. MILLER;**
**C.O. JOHN DOE,**

                **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

SYDON A. JOHNS
04-A-3393
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, NY 12831
*Plaintiff, Pro se*

HON. ANDREW M. CUOMO            CHRISTINA L. ROBERTS-RYBA, ESQ.
Attorney General for the State of New York    Assistant Attorney General
The Capitol
Albany, NY 12224
*Attorney for Defendants*

**NORMAN A. MORDUE, CHIEF U. S. DISTRICT JUDGE**

**MEMORANDUM-DECISION AND ORDER**

**I.**       **INTRODUCTION**

       In this *pro se* action under 42 U.S.C. § 1983, plaintiff, an inmate in the custody of the

New York State Department of Correctional Services ("DOCS"), claims that defendants confiscated his medically prescribed eyeglasses in violation of his constitutional rights. Plaintiff asserts Eighth and Fourteenth Amendment causes of action and claims that defendants retaliated and conspired against him after he made complaints to prison officials. Defendants moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 26) and plaintiff cross moved to amend the complaint. (Dkt. No. 28). The motions were referred to United States Magistrate Judge Randolph F. Treece for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c). Magistrate Judge Treece issued a Report and Recommendation (Dkt. No. 30) recommending that defendants' motion to dismiss be granted, plaintiff's cross motion be denied and the complaint dismissed.

Plaintiff filed specific objections to the Report and Recommendation. (Dkt. No. 31). Defendants have not responded. In view of plaintiff's objections, pursuant to 28 U.S.C. § 636(b)(1)(c), this Court conducts a *de novo* review of these issues. The Court reviews the remaining portions of the Report-Recommendation for clear error or manifest injustice. *See Brown v. Peters*, 1997 WL 599355, *2-3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir.1999); *see also Batista v. Walker*, 1995 WL 453299, at *1 (S.D.N.Y. 1995) (when a party makes no objection to a portion of the report-recommendation, the Court reviews that portion for clear error or manifest injustice). As explained below, the Court accepts the Report and Recommendation in part and rejects it in part.

## II.     THE COMPLAINT[1]

---

[1] In reviewing the complaint, as well as plaintiff's other submissions, the Court accepts as true all factual allegations and draws all reasonable inferences in plaintiff's favor for purposes of the pending motion. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007).

2

On September 11, 2006, plaintiff, an inmate at Coxsackie Correctional Facility, was transported from the facility to Albany Medical Center for medical services. During the trip, prison officials told plaintiff he could not wear his prescription eyeglasses. Plaintiff advised prison officials that he suffered from "dry eyes", a condition that made exposure to natural light extremely painful and could cause permanent blindness. Defendants continued to demand his eyeglasses. Plaintiff asked to speak with a supervisor to complain about "defendants' deliberate indifference to the serious consequences that could befall on plaintiff". Defendants refused to call a supervisor, "prompting plaintiff to give clear notice of his intent to seek administrative relief against said defendants through the inmate grievance procedure".

C.O. John Doe confiscated plaintiff's eyeglasses. Defendants claim that the eyeglasses were seized pursuant to a municipal policy which prevented inmates from taking eyeglasses on outside hospital trips. Plaintiff alleges that, "[i]t is not DOCS policy to prohibit eyeglasses on outside medical trips . . . [t]he inmates denied access to their eyeglasses are those in need of reading glasses, and inmates who can safely move about with out aid". Plaintiff needs his eyeglasses to "move about safely". Plaintiff's eyeglasses were never returned and he claims they were destroyed.

On November 1, 2006, and for approximately 26 months thereafter, plaintiff made several complaints to R.N. Jane Doe and Dr. Miller with regard to his eye condition. Plaintiff requested, but was denied, temporary eyeglasses and told he would need to pay for replacement eyeglasses. Plaintiff claims defendants conspired to continue to withhold his eyeglasses. As a result of being denied prescription eyeglasses, plaintiff suffered extreme eye pain, excruciating headaches, a loss of vision and loss of balance.

3

Plaintiff alleges that defendants retaliated against him and seized his eyeglasses when he expressed his intent to pursue administrative redress and continued to retaliate and conspire against him by not returning his eyeglasses. Plaintiff also claims that defendants were deliberately indifferent to his serious medical needs and that defendants Goord, Fischer, Wright, Rivera, Lape, Montuscello and Smith developed and maintained policies and/or customs exhibiting deliberate indifference to plaintiff's constitutional rights.

### III. DISCUSSION

### A. Standard on Motion to Dismiss

Defendants move to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See ATSI Commc'n, Inc.*, 493 F.3d at 98. The issue before the Court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)). A complaint should be "especially liberally construed when it is submitted *pro se* and alleges civil rights violations." *See Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir.2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)). The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### A. Eighth Amendment

4

Plaintiff objects to this portion of the Report-Recommendation. To state an Eighth Amendment claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There are two elements to the deliberate indifference standard. *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003). The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing *inter alia Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

**1.    Objective Element**

To establish the first element, plaintiff must show that he has a sufficiently serious illness or injury. *Smith,* 316 F.3d at 184 (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). A medical condition is considered "sufficiently serious" when there is a "condition of urgency," one that may result in death, degeneration, or extreme pain. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). If unnecessary and wanton infliction of pain results from the denial of treatment, or if the denial of treatment causes the inmate to suffer a lifelong handicap or permanent loss, the condition may be considered "sufficiently serious." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F.Supp.2d 303, 310 (S.D.N.Y. 2001) (citing *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000)). Courts, "do not require an inmate to demonstrate that he experiences pain that is at the limit of human ability to bear, nor do courts require a showing that his condition is life-threatening". *Santos v. New York City Dep't of Corr.*, 2010 WL 1142066, at *6 (S.D.N.Y. 2010) (citations omitted). Factual disputes with regard to whether plaintiff's injuries are sufficiently "serious" are not appropriately considered on a motion to dismiss. *Id*. at *11 (the defendants

5

argued that the plaintiff's eye condition was not a "serious medical condition").

Plaintiff concedes, "'dry eyes' in itself, [is] not life threatening", however, plaintiff claims that his condition was left untreated and as a result, led to headaches, loss of vision, loss of balance and eye pain. Defendants contend that plaintiff's vision related claims do not constitute a "serious medical need".

The Second Circuit addressed this issue in *Koehl v. Dalsheim*, 85 F.3d 86 (2d Cir. 1996). In that matter, the plaintiff arrived at Downstate Correctional Facility with documentation indicating that he needed prescription eyeglasses to prevent double vision, headaches and the loss of depth perception. *Id*. at 87. The defendants confiscated the plaintiff's eyeglasses and, as a result, the plaintiff experienced sightlessness and headaches. *Id*. at 88. The Second Circuit vacated the District Court's award of summary judgment and conclusion that the plaintiff's condition did not constitute a "serious medical need". Instead, the Circuit held:

> Though these consequences do not inevitably entail pain, they adequately meet the test of "suffering" that [ ] is inconsistent with "contemporary standards of decency". Such visual deficiencies can readily cause a person to fall or walk into objects, and Koehl alleged that he has experienced such occurrences, and has suffered injuries as a consequence.

*Id*. (internal citations omitted).

In *Myrie v. Calvo/Calvoba*, 591 F.Supp.2d 620 (S.D.N.Y. 1998), the district court applied the Second Circuit's analysis in *Koehl* and denied the defendants' pre-answer motion to dismiss as premature. The plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs when they failed to provide medical treatment and eyeglasses for 3 ½ months. *Id*. at 623. As a result, the plaintiff alleged that his vision deteriorated causing him to experience headaches, eye pain and fatigue. *Id*. The court found the plaintiff's allegations sufficient to

6

withstand a motion to dismiss at that stage of the litigation. *Id*. The Court held:

> I appreciate that, once plaintiff's condition is fleshed out in more detail, it may turn out that the damage to his eyes from waiting a few extra weeks for glasses may not rise to the level of a constitutional injury . . . the eyeglass claim cannot be dismissed on a pre-answer motion for failure to state a claim.

*Myrie*, 591 F.Supp.2d at 627. Similarly, in *Amaker v. Goord*, 1999 WL 511990, at *8 (S.D.N.Y. 1999), the plaintiff alleged that conditions in the Special Housing Unit caused his eyesight to deteriorate, eyestrain and fatigue. The district court, citing *Koehl*, found these allegations sufficiently serious to avoid dismissal for failure to state a claim. *Id*.

On a Rule 12(b)(6) motion to dismiss, the Court must accept the allegations of the complaint as true. Here, plaintiff claims he suffers from "dry eyes" which makes exposure to natural light extremely painful and which, ultimately, could cause blindness. Plaintiff alleges that defendants were aware of his condition and notwithstanding, confiscated his eyeglasses. Plaintiff's eyeglasses were never returned to him and, as a result, plaintiff suffered extreme eye pain, excruciating headaches, a loss of vision and loss of balance. Taking all allegations in the complaint as true and drawing all inferences in plaintiff's favor, defendants' motion is premature. At this juncture, plaintiff has alleged sufficient facts to satisfy the objective element of his claim. *See Santos*, 2010 WL 1142066, at *6 (holding that the plaintiff's complaints of "extreme eye pain, temporary blindness and severe eye irritation" were sufficiently serious to meet the objective element of the Eighth Amendment claim on a motion to dismiss).[2]

---

[2] Defendants cite two cases in support of their argument that plaintiff's injuries do not meet the objective prong of the Eighth Amendment analysis. The cases, *Davidson v. Scully* and *Hayes v. N.Y.S. D.O.C. Officers*, are procedurally and factually inapposite. The *Davidson* case involved a motion for summary judgment after discovery was completed and therefore, involved a different standard of proof and imposed a distinct burden upon plaintiff. *See Davidson v. Scully*, 155 F.Supp.2d 77 (S.D.N.Y. 2001). The *Hayes* case involved a motion to dismiss, however, it is factually dissimilar from the matter at hand. *Hayes v. N.Y.S. D.O.C. Officers*, 1998 WL 901730, at *8 (S.D.N.Y.

7

### 2.  **Subjective Prong**[3]

To establish the second element, plaintiff must demonstrate more than an "inadvertent" or negligent failure to provide adequate medical care. *Sonds*, 151 F.Supp.2d at 310 (citing *Estelle*, 429 U.S. at 105-106). Instead, plaintiff must show that the defendants were "deliberately indifferent" to that serious medical condition. *Id*. To rise to the level of deliberate indifference, the defendants must have known of and disregarded an excessive risk to the inmate's health or safety. *Sonds,* 151 F.Supp.2d at 310 (citing *Chance*, 143 F.3d at 702). Denying or delaying access to medical care or intentionally interfering with prescribed treatment may constitute deliberate indifference*. Jones v. Lindblad*, 2009 WL 804155, at *6 (W.D.N.Y. 2009) (citing *Estelle*, 429 U.S. at 104). Delays must be purposeful or intended or the plaintiff must establish that the deprivation of not having treatment in the stated period was sufficiently serious. *Woods v. Goord*, 1998 WL 740782, at *12 (S.D.N.Y. 1998). Culpable intent requires the inmate to establish both that a prison official "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Jones*, 2009 WL 804155, at *6 (citing *Hayes v. New York City Dep't of Corr.,* 84 F.3d 614, 620 (2d Cir. 1996)).

In *Koehl*, the Second Circuit discussed the subjective prong of the Eighth Amendment

---

1998). In *Hayes*, the plaintiff asked to see a nurse with complaints of "eye pain, tearing, and [his] vision becoming worse". *Id*. at *2. The court noted that the plaintiff did not allege that his eye condition deteriorated due to a lack of treatment or that he suffered permanent damage eye and therefore, held that the plaintiff's condition did not meet the test of a serious medical need. *Id*. at *8. The district court also distinguished the claim from *Koehl* noting, "the absence of any impairment in plaintiff's daily activities and the lack of substantial pain". *Hayes*, 1998 WL 901730, at *8.

[3] Plaintiff addressed this element in his objections to the Report and Recommendation. The Magistrate Judge found it unnecessary to address this prong as he concluded that plaintiff's alleged medical condition was not sufficiently serious under the objective prong of the Eighth Amendment standard.

8

claim and found that the plaintiff adequately alleged that the defendants were subjectively aware of his serious medical needs. In that case, upon arriving at the facility, the plaintiff received a pass from a doctor permitting him to wear eyeglasses. *Id*. The plaintiff presented the pass to the corrections officers, the defendants in the action. However, the corrections officers asked the doctor's nurse to review the plaintiff's file for documentation permitting him to wear glasses. *Id*. When the nurse was unable to produce any records, the defendants confiscated the plaintiff's eyeglasses. *Koehl*, 85 F.3d at 87. As a result, the plaintiff experienced sightlessness and headaches. *Id*. at 88. The Court found that the plaintiff adequately pleaded that the defendants were aware of the plaintiff's serious medical needs. The Court held:

> From the allegations of this *pro se* complaint, it is not beyond dispute that Koehl will be unable to develop evidence to show that both officers [ ] were aware of his serious medical need for the eye-glasses. Koehl alleged that on the day before the confiscation, he was taken "to continue the search process," that he "produced the required medical documentation that [he] had," and that [the defendant] "checked with" the nurse, who had seen the medical documentation a short time before. [T]he complaint suffices to warrant discovery to ascertain whether either of the officers were aware of Koehl's serious medical needs.

*Koehl*, 85 F.3d at 89. The Court remanded the case to afford the plaintiff an opportunity to develop proof of his Eighth Amendment claims. *Id.*

Plaintiff claims that he "advised" defendants that he suffered from "a degenerable [sic] disease known as 'dry eyes' " and "the serious consequences that could befall on plaintiff if he were not permitted to keep his prescription eyeglasses". At this stage of the litigation, plaintiff has sufficiently alleged that defendants were aware the he suffered from a "serious" medical need. Moreover, plaintiff claims that defendants continued to deprive him of his eyeglasses for 26 months despite his complaints and requests for replacement glasses. Since this is a motion to

9

dismiss pursuant to Rule 12(b)(6), plaintiff has adequately alleged a cause of action. Accordingly, defendants' motion for dismissal of plaintiff's Eighth Amendment claims is DENIED.

**B.     Personal Involvement**[4]

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  In order to prevail on a cause of action under 42 U.S.C. § 1983 against an individual, a plaintiff must show some tangible connection between the alleged unlawful conduct and the defendant.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior ) is insufficient to show his or her personal involvement in that unlawful conduct.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).   Rather, supervisory personnel may be considered "personally involved" only if they:  (1) directly participated in the violation; (2) failed to remedy that violation after learning of it through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation occurred; (4) had been grossly negligent in managing subordinates who caused the violation; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 973 (2d Cir. 1995).

Because plaintiff is proceeding *pro se*, the Court considers the facts and allegations

---

[4] Plaintiff makes no objection to this portion of the Report-Recommendation.  Given this Court's decision regarding plaintiff's Eighth Amendment claim, it is necessary to review this portion of the Report and Recommendation for clear error.

10

contained in his opposition to defendants' motion and objections in addition to those in the complaint. *See, e.g., Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir.1998). Based on all of plaintiff's submissions, and construing them liberally, the Court finds them sufficient to make out a claim that "defendant[s] created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom[.]" *Colon*, 58 F.3d at 873. At this juncture, plaintiff has adequately alleged a cause of action.

**C.    Fourteenth Amendment**

Plaintiff does not object to this portion of the Report and Recommendation. The Magistrate Judge recommended dismissal of plaintiff's Fourteenth Amendment claims finding that a deprivation of property claim, "does not lie in federal court" because, "New York State provides an adequate post-deprivation remedy for destruction of property". The Court finds no clear error or manifest injustice and adopts this portion of the Report and Recommendation.

**D.    Qualified Immunity[5]**

Defendants Miller, Jane Doe and John Doe claim that they are entitled to qualified immunity. Public officials enjoy qualified immunity from liability under § 1983 "so long as their conduct does not violate a clearly established statutory or constitutional right." *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982)). The Second Circuit has held that "[a] right is clearly established if: (1) the law is defined with reasonable clarity; (2) the Supreme Court or the Second Circuit has recognized the right; and (3) 'a reasonable defendant [would] have understood from the existing law that [his] conduct was

---

[5] The Magistrate Judge did not discuss this portion of defendants' motion. Given the basis for this decision, the Court addresses this argument.

11

unlawful.' " *Luna v. Pico*, 356 F.3d 481, 490 (2d Cir. 2004) (quoting *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003)).

In determining whether qualified immunity applies, the Court may first consider whether "the facts alleged show the [defendant's] conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), modified by *Pearson v. Callahan*, 555 U.S. ----, 129 S.Ct. 808, 818 (2009) (holding that although "the sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory"). If the plaintiff establishes that the violation of a constitutional right occurred, the court can examine "whether the right was clearly established ... in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id*.

Having carefully considered the present record, the Court is not well-positioned at this early stage to dismiss plaintiff's claims on the basis of qualified immunity. The Court finds that "[r]esolution of qualified immunity depends on the determination of certain factual questions that cannot be answered at this stage of the litigation." *Denton v. McKee*, 332 F.Supp.2d 659, 666 (S.D.N.Y. 2004).

**E.    Retaliation**[6]

Any action taken by defendants in retaliation for the exercise of a constitutional right, even if not unconstitutional in itself, states a viable constitutional claim. *Franco v. Kelly*, 854 F.2d 584, 588-90 (2d Cir.1988). In order to establish a claim of retaliation for the exercise of a

---

[6] Defendants did not present any argument regarding plaintiff's retaliation claims in their motion to dismiss. The Magistrate Judge recommended dismissal of plaintiff's retaliation claims. Plaintiff does not specifically object to this portion of the Report-Recommendation. The Court reviews this portion of the Report-Recommendation for clear error.

constitutional right, plaintiff must show first, that he engaged in constitutionally protected conduct, and second, that the conduct was a substantial motivating factor for adverse action taken against him by defendants. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir.2003) (citing *Gayle v. Gonyea*, 313 F.3d 677 (2d Cir.2002); *Hendricks v. Coughlin*, 114 F.3d 390 (2d Cir.1997)). The court must keep in mind that claims of retaliation are "easily fabricated" and thus, plaintiffs must set forth non-conclusory allegations. Id. (citing *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir.2001), overruled on other grounds, *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002)).

Plaintiff alleges that defendants retaliated against him and confiscated his eyeglasses after he, "gave clear notice of his intent to seek administrative relief against [ ] defendants through the inmate grievance procedure" and, "because of my constant complaints the defendants have retaliated by not giving me my eyeglasses".  Plaintiff has not sufficiently alleged that he exercised a constitutional right.  Plaintiff has failed to state how he placed defendants on notice or how defendants knew he "intended to pursue administrative remedies".  Moreover, plaintiff does not identify which defendants allegedly retaliated against him, when the retaliation occurred or what actions constituted retaliation.  The complaint, as written, does not state a claim for retaliation.  However, because plaintiff is *pro se*, this court will dismiss the retaliation claims, without prejudice.

**F.    Plaintiff's Cross Motion to Amend and Identify Unnamed Defendants**

Plaintiff cross moves for leave to amend his complaint to amplify his pleadings and name the anonymous defendants.  Plaintiff also seeks an order, "directing the Attorney General to ascertain the full names of the unidentified defendants plaintiff seeks to sue, [so] that plaintiff may name and properly serve the defendants".

13

"A *pro se* complaint is to be read liberally" and "[c]ertainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cole v. Fischer*, 2010 WL 2130974, at *1 (2d Cir. 2010) (citations omitted). Courts have rejected the dismissal of suits against unnamed defendants described by roles, until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials. *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) (internal citations omitted). While a plaintiff generally cannot bring a claim against an unidentified person, the rule is not applied strictly against *pro se* plaintiffs, especially when incarcerated, at this stage in a litigation; instead, "it is proper for a section 1983 plaintiff to use a 'Doe' pleading until such time as her identity can be learned through discovery or through the aid of the trial court." *Warren v. Goord*, 476 F.Supp.2d 407, 413-14 (S.D.N.Y. 2007) (citing, *inter alia, Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir.1997) (appellate courts have found error in a trial court's refusal to assist a *pro se* plaintiff in identifying a defendant. This is particularly so where the plaintiff is incarcerated, and is thus unable to carry out a full pre-trial investigation.")).

Plaintiff is proceeding *pro se* and has not yet had the opportunity to conduct any discovery as defendants' motion was filed in lieu of an answer. With respect to plaintiff's retaliation claims, in the absence of any details regarding the nature or facts of this proposed claim, the Court cannot state with certainty that plaintiff would be unable to sustain an action against any defendant as a matter of law. Therefore, plaintiff is afforded the opportunity to amend his complaint. If plaintiff chooses to amend his complaint to state a retaliation claim, he must sufficiently identify defendants and show, not only that his conduct was constitutionally protected, but that defendants' adverse actions were motivated by his protected conduct.

With respect to the unnamed defendants, the Court affords plaintiff the opportunity to conduct discovery to learn the identity of these individuals. Plaintiff may later move to substitute named individuals in the place of the "Doe" defendants as he obtains information during the discovery process. The Court refers the matter back to Magistrate Judge Treece to oversee discovery on this issue.

## IV.   CONCLUSION

It is therefore

**ORDERED** that the Report and Recommendation by United States Magistrate Judge Randolph F. Treece (Dkt. No. 30) is rejected in part and accepted in part for the reasons set forth herein; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 26) plaintiff's Fourteenth Amendment claims is granted; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 26) plaintiff's complaint is otherwise denied; and it is further

**ORDERED** that plaintiff's motion to amend the complaint (Dkt. No. 28) to amplify his pleadings is granted. Plaintiff shall file any such amended pleading within 30 days of the date of the within Order.

**IT IS SO ORDERED.**

Dated: September 30, 2010
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge